# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| VERONICA HUMES,<br><br>  Plaintiff,<br><br>v.<br><br>EDWARD T. CUMMINGS, Individually; DAVID LATHROP, Individually; MEGAN MANCE, Individually; JASON D. SLAUGHTER, Individually; ERIC J. THORNE, Individually; ANDREW DEDEKE, Individually; JOHN DOE SHERIFF'S DEPUTIES 1-10; and LEAVENWORTH COUNTY, KANSAS, BOARD OF COMMISSIONERS,<br><br>  Defendants. | Case No. 18-2123-DDC-GEB |

## MEMORANDUM AND ORDER

  This four-count, civil rights action flows from deputies with the Leavenworth County Sheriff's Department (LCSD) arresting plaintiff Veronica Humes. Before the court is a Motion to Dismiss filed by defendants Leavenworth County, Kansas, Board of Commissioners (LCBOC) and Sheriff Andrew Dedeke. Doc. 29. In response to the Motion, Ms. Humes concedes that her Amended Complaint fails to state a claim against the LCBOC and that aspects of her three claims against Sheriff Dedeke also fail to state claims. But, Ms. Humes argues she has pleaded sufficient facts to sustain claims of excessive force, unconstitutional seizure, and malicious prosecution against Sheriff Dedeke. Ms. Humes also requests leave to file a second amended complaint to raise, in part, a failure to train and supervise claim against Sheriff Dedeke. The court accepts Ms. Humes's concessions and, for reasons explained below, concludes that her Amended Complaint fails to advance sufficient, particularized allegations against Sheriff

Dedeke. The court, thus, dismisses the claims against the LCBOC and Sheriff Dedeke. Also, because Ms. Humes has not complied with the court's local rules when requesting leave to file a second amended complaint, the court denies her request.

## I. Procedural History & Factual Allegations in Amended Complaint

Ms. Humes initiated this action on March 14, 2018. Ms. Humes's original Complaint advanced excessive force claims, alleging First, Fourth, and Fourteenth Amendment violations; an unreasonable seizure claim, alleging Fourth and Fourteenth Amendment violations; a retaliation claim, alleging a First Amendment violation; a malicious prosecution claim, alleging Fourth and Fourteenth Amendment violations; a municipal liability claim, alleging First, Fourth, and Fourteenth Amendment violations based on policies and practices governing the LCSD; and a state-law negligence claim. Doc. 1 at 11–20. The original Complaint named Edward T. Cummings, David Lathrop, Megan Mance, Jason D. Slaughter, and Eric J. Thorne (the "LCSD Deputies") as defendants, suing them in their individual capacities. Doc. 1 at 2–3 (Compl. at ¶¶ 10–14). The original Complaint also named the LCSD and Sheriff Andrew Dedeke, suing him in his official capacity as Leavenworth County Sheriff, as defendants. *Id.* (Compl. at ¶¶ 9, 15).

Defendants filed joint motions to dismiss the original Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Docs. 14, 16. Pertinent to the Motion to Dismiss currently pending before the court, the earlier Rule 12(b)(6) motion contended: (1) the LCSD lacked the capacity to be sued; (2) Eleventh Amendment sovereign immunity barred the official capacity claims against Sheriff Dedeke because he was a state official; (3) Ms. Humes could not possibly prevail on an excessive force claim alleging a Fourteenth Amendment violation where she was not a pretrial detainee at the time of the events alleged in support of her claims; and (4)

qualified immunity barred the claims advanced against the LCSD Deputies. Doc. 15 at 3–16. In response, Ms. Humes conceded the first two arguments, did not contest the third, but did contest the qualified immunity defense asserted by the LCSD Deputies. Doc. 26 at 8, 11–12.

This court dismissed the claims against Sheriff Dedeke and the LCSD. *Id.* at 26. The court also dismissed Ms. Humes's state-law negligence claim; her excessive force claim, to the extent it was premised on a Fourteenth Amendment violation; and her retaliation claim. *Id.* But, otherwise, the court rejected the LCSD Deputies' qualified immunity defense to Ms. Humes's claims for excessive force, unreasonable seizure, and malicious prosecution. *Id.* Finally, the court granted Ms. Humes 10 days to amend her Complaint on the municipal liability claim to allow her to assert the claim against the "proper defendant." *Id.* Ms. Humes timely filed an Amended Complaint. Doc. 27.

In her Amended Complaint, Ms. Humes alleges that, on March 16, 2016, the five LCSD deputies arrested her.[1] Doc. 27 at 1, 7–8 (Am. Compl. at ¶¶ 2, 47, 49). The arrest followed a report from Ms. Humes's neighbor—her rival in an ongoing feud—that she had discharged a firearm in his direction. *Id.* Ms. Humes alleges that, in the course of effectuating her arrest, the LCSD deputies used excessive force by deploying their tasers and then pinning her to the ground. *Id.* at 2–3, 7–8 (Am. Compl. at ¶¶ 3–4, 43–44, 49). Ms. Humes also alleges that, in an effort to cover up the excessive force used when effectuating her arrest, the "[d]efendant deputies and other deputies . . . conspired and/or acted in concert to have [Ms.] Humes falsely charged

---

[1]    Although the "Statement of Facts" section of Ms. Humes's First Amended Complaint never identifies the arresting deputies by name, Ms. Humes, when naming the defendants to this action, identifies Mr. Cummings, Mr. Lathrop, Ms. Mance, Mr. Slaughter, and Mr. Thorne as sheriff deputies. Doc. 27 at 3 (Am. Compl. at ¶¶ 10–14). Meanwhile, Ms. Humes identifies Andrew Dedeke as "the Sheriff of Leavenworth County." *Id.* (Am. Compl. at ¶ 15). Accordingly, when the court reads the Amended Complaint on the whole, it follows that Mr. Cummings, Mr. Lathrop, Ms. Mance, Mr. Slaughter, and Mr. Thorne are the law enforcement officers who, according to Ms. Humes, were on the scene when she was arrested.

and prosecuted for aggravated assault." *Id.* at 7–8 (Am. Compl. at ¶ 48). And Ms. Humes alleges that though the LCSD obtained a warrant to search her home, defendants exceeded the scope of that warrant by seizing a digital video recording system from the home and accessing files on the system. *Id.* at 8 (Am. Compl. at ¶¶ 51–53). Finally, Ms. Humes attributes the alleged misconduct by the individual defendants to policies and practices adopted by the LCBOC, as well as the LCBOC's failure to sufficiently train and supervise deputies employed by the LCSD sufficiently.[2] *Id.* at 9–10 (Am. Compl. at ¶ 62).

Ms. Humes's Amended Complaint asserts four causes of action. Count I makes an excessive force claim against the LCSD Deputies and Sheriff Dedeke, violating Ms. Humes's First, Fourth, and Fourteenth Amendment rights. *Id.* at 11–13 (Am. Compl. at ¶¶ 71–89). Count II alleges the LCSD Deputies and Sheriff Dedeke unconstitutionally seized Ms. Humes's person, violating the Fourth and Fourteenth Amendments. *Id.* at 13–14 (Am. Compl. at ¶¶ 90–93). Count III, relying on the Fourth and Fourteenth Amendments, makes a malicious prosecution claim against the LCSD Deputies and Sheriff Dedeke. *Id.* at 14–16 (Am. Compl. at ¶¶ 94–109). Last, Count IV asserts First, Fourth, and Fourteenth Amendment violations by the LCBOC based on its alleged policies governing the LCSD and deficiencies in its training and supervision of deputies employed by the LCSD.[3] *Id.* at 16–18 (Am. Compl. at ¶¶ 110–123).

On October 19, 2018, all seven named defendants filed a joint Answer to Ms. Humes's Amended Complaint. Doc. 28. Three days later, on October 22, 2018, Sheriff Dedeke and the

---

[2]  In this respect, Ms. Humes's Amended Complaint identifies the LCBOC as the proper defendant for the municipal liability claim raised in her original Complaint.

[3]  Although Ms. Humes's factual allegations about seizure of her DVR system might support a claim for the unconstitutional property seizure, no such claim appears in Ms. Humes's Amended Complaint. And, where Ms. Humes is represented by counsel, this court is not required to liberally construe her Amended Complaint to read such a claim into her Amended Complaint.

4

LCBOC moved to dismiss Ms. Humes's claims against them, contending Ms. Humes failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). Doc. 29. The LCBOC's Motion argues that, under Kansas law, it lacks the authority to supervise, train, or establish policies governing deputies employed by the LCSD. Doc. 30 at 7–9. Meanwhile, Sheriff Dedeke argues the Amended Complaint fails to satisfy the pleading standard established by Federal Rule of Civil Procedure 8(a) because the pleading does not make any specific allegations about his conduct and involvement in Ms. Humes's arrest and prosecution. *Id.* at 3–4. Sheriff Dedeke also argues he is entitled to qualified immunity. *Id.* at 4–7. Finally, the LCBOC and Sheriff Dedeke jointly argue: (1) the two-year statute of limitations for § 1983 actions in Kansas bars the claims raised against them in the Amended Complaint; (2) the Fourteenth Amendment does not apply to Ms. Humes's claims and this court already has concluded as much when it ruled on the earlier Rule 12(b)(6) Motion to Dismiss; and (3) this court already has dismissed Ms. Humes's claims alleging First Amendment violations. *Id.* at 9–15.

In her response, Ms. Humes concedes that the First and Fourteenth Amendments do not provide a basis for relief. Doc. 38 at 11–12. Ms. Humes also concedes the LCBOC is not a proper defendant for her Count IV claim. *Id.* at 9–10. But, Ms. Humes argues, Sheriff Dedeke is a proper defendant for her Count IV claim and requests an opportunity to file a Second Amended Complaint to substitute Sheriff Dedeke for the LCBOC. *Id.* at 12–13. Finally, on her claims in Counts I–III against Sheriff Dedeke, Ms. Humes makes a pro forma argument that her Amended Complaint satisfies the Federal Rule of Civil Procedure 8(a) pleading standard, an argument that does not direct the court to any particular allegations against Sheriff Dedeke in her Amended Complaint. *Id.* at 6–9. And, Ms. Humes argues that if her Amended Complaint satisfies Rule 8(a), the court should reject Sheriff Dedeke's qualified immunity defense for the same reasons it

5

rejected the LCSD Deputies' qualified immunity defense when ruling on the earlier Rule 12(b)(6) Motion. *Id.* at 9. In reply, Sheriff Dedeke opposes Ms. Humes's request to file a Second Amended Complaint, arguing: (1) the request does not comply with District of Kansas Local Rule 15.1 ("Local Rule 15.1"); (2) a second amended complaint would not relate back to the original Complaint where Ms. Humes's misidentification of the LCSD and then the LCBOC as the Count IV-defendant resulted from a failure to conduct diligent research about the identity of the proper defendant; and (3) Ms. Humes is trying to create a "moving target" by amending her Complaint repeatedly. Doc. 39 at 2–10.

## II. Conversion of Rule 12(b)(6) Motion to Rule 12(c) Motion

Sheriff Dedeke and the LCBOC filed their Rule 12(b)(6) Motion to Dismiss after they had filed an Answer to Ms. Humes's Amended Complaint. A Rule 12(b)(6) motion, however, "must be made *before* pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b) (emphasis added). As such, the Rule 12(b)(6) Motion filed by Sheriff Dedeke and the LCBOC is untimely. *See In re XP Entm't LLC*, Nos. 09-30699 MER, 11-1650 MER, 2013 WL 542249, at *2 & n.13 (D. Colo. Feb. 12, 2013) (collecting cases); *see also Swearingen v. Honeywell, Inc.*, 189 F. Supp. 2d 1189, 1193 (D. Kan. 2002) ("Technically, it is impermissible under the Federal Rules to submit an answer and thereafter file a Rule 12(b)(6) motion to dismiss.").

A court faced with a post-answer Rule 12(b)(6) motion, however, may exercise its discretion and convert the motion into a Rule 12(c) motion for judgment on the pleadings if the basis for the Rule 12(b)(6) motion is cognizable within a Rule 12(c) motion. *Helm v. Kansas*, No. 08-2459-JAR, 2009 WL 2168886, at *1 (D. Kan. July 21, 2009); *Swearingen*, 189 F. Supp. 2d at 1193. Meanwhile, Federal Rule of Civil Procedure 12(h)(2) permits a party to raise a failure to state a claim defense in a Rule 12(c) motion. *Swearingen*, 189 F. Supp. 2d at 1193.

6

So, because Sheriff Dedeke and the LCBOC can raise the legal basis for their Motion to Dismiss in a Rule 12(c) motion and because denying the Rule 12(b)(6) Motion as untimely almost certainly would lead Sheriff Dedeke and the LCBOC simply to restyle and refile the pending motion as a Rule 12(c) motion, this court exercises its discretion and converts the Rule 12(b)(6) Motion into a Rule 12(c) Motion.

## III. Legal Standards

### A. Standard for Rule 12(c) Motions

A court evaluates a Rule 12(c) motion under the same standard that governs a Rule 12(b)(6) motion to dismiss. *Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 528 (10th Cir. 1992). The court will grant a motion for judgment on the pleadings if the factual allegations in the complaint fail to "state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or if an issue of law is dispositive, *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). To satisfy the plausibility requirement, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

### B. Qualified Immunity Standard

"Qualified immunity 'gives government officials breathing room to make reasonable but mistaken judgments about open legal questions.'" *Lane v. Franks*, 573 U.S. 228, 243 (2014) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011)). This doctrine "protects 'all but the plainly incompetent or those who knowingly violate the law.'" *al-Kidd*, 563 U.S. at 743

(quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).  Qualified immunity shields a government official from money damages in the official's individual capacity "unless 'the official violated a statutory or constitutional right,' and 'the right was "clearly established" at the time of the challenged conduct.'"  *Lane*, 573 U.S. at 243 (quoting *al-Kidd*, 563 U.S. at 735).  So, on a motion to dismiss based on qualified immunity, a court must consider the following two questions:  (1) "whether the facts that a plaintiff has alleged make out a violation of a constitutional right," and (2) "whether the right at issue was clearly established at the time of defendant's alleged misconduct."  *Leverington v. City of Colo. Springs*, 643 F.3d 719, 732 (10th Cir. 2011) (ellipsis omitted) (quoting *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)).  Courts faced with a qualified immunity defense have discretion to decide "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."  *Pearson*, 555 U.S. at 236.

"Although qualified immunity defenses are typically resolved at the summary judgment stage, district courts may grant motions to dismiss on the basis of qualified immunity."  *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014).  A defendant who asserts qualified immunity before summary judgment, however, faces "a more challenging standard of review."  *Id.* (quoting *Peterson v. Jensen*, 371 F.3d 1199, 1201 (10th Cir. 2004)).  This is so because, at this stage, the court scrutinizes defendants' alleged conduct for "objective legal reasonableness."  *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 819 (1982)).

## IV. Analysis

### A. Count IV's Claim Against the LCBOC

As Ms. Humes acknowledges, her Count IV claim about the policies governing deputies employed by the LCSD and the training and supervision of those deputies is not cognizable against the LCBOC. Doc. 38 at 9–10. She conceded this point because, under Kansas law, the sheriff is an elected official tasked with the hiring, firing, and supervision of sheriff deputies. Kan. Stat. Ann. §§ 19-801a, 19-805(a). As such, a board of county commissioners lacks the authority to supervise or train sheriff deputies, and "the conduct of the sheriff and his subordinates cannot be attributed to the county commissioners." *Lee v. Wyandotte Cty., Kan.*, 586 F. Supp. 236, 238–39 (D. Kan. 1984); *see Wilson v. Sedgwick Cty. Bd. of Cty. Comm'rs*, No. 05-1210-MLB, 2006 WL 2850326, at *4 (D. Kan. Oct. 3, 2006) ("[O]nly the sheriff, not the commissioners, has the power to set policy and train [deputies] under Kansas law."). Therefore, any claim premised on the policies governing LCSD deputies or the training and supervision of those deputies must be brought against Sheriff Dedeke, not the LCBOC. The court, thus, dismisses Count IV of Ms. Humes's Amended Complaint and orders the Clerk to terminate the LCBOC as a defendant in this action.[4]

### B. Claims in Counts I–III Against Sheriff Dedeke Alleging Fourteenth Amendment Violations

In her Amended Complaint, Ms. Humes alleges her excessive force and unreasonable seizure claims arise within the context of the Fourteenth Amendment. Doc. 27 at 12, 14 (Am. Compl. at ¶¶ 75, 78, 91). Ms. Humes now concedes, however, the events surrounding her arrest do not invoke any right protected by the Fourteenth Amendment. Doc. 38 at 11. Such a

---

[4] In dismissing the Count IV claim based on the LCBOC being an improper party, the court finds it unnecessary to address the LCBOC's alternative argument that Ms. Humes's Amended Complaint does not relate back to her original Complaint such that any claim against the LCBOC is time-barred.

concession is apt given this court's earlier ruling on this very matter as it pertained to the excessive force claim raised in Ms. Humes's original Complaint. *See* Doc. 26 at 11–12 (citing *Estate of Booker v. Gomez*, 745 F.3d 405, 419 (10th Cir. 2014), for proposition that Fourteenth Amendment only provides right to be free from excessive force within context of pretrial detention). Ms. Humes's Amended Complaint also alleges her malicious prosecution claim arises within the context of the Fourteenth Amendment. But, Ms. Humes now concedes the Fourteenth Amendment does not provide a basis for relief because Kansas law provides an adequate remedy for malicious prosecution claims. *See* Doc. 38 at 11 (citing *Myers v. Koopman*, 738 F.3d 1190, 1193 (10th Cir. 2013)). Consistent with Ms. Humes's concessions, the court dismisses Counts I, II, and III to the extent that they allege violations of Ms. Humes's Fourteenth Amendment rights.[5]

### C. Remaining Claims Against Sheriff Dedeke in Counts I–III

The court concludes Ms. Humes's Amended Complaint, to the extent it raises claims against Sheriff Dedeke, fails to satisfy the pleading standard set out by Federal Rule of Civil Procedure 8(a) and case law applying that standard. And, by failing to allege any actions engaged in by Sheriff Dedeke, Ms. Humes necessarily fails to sustain her burden under the first prong of the qualified immunity analysis.

Rule 8 provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8(a)(2) "does not require 'detailed factual allegations,'" it demands more than "'[a] pleading that offers

---

[5] Ms. Humes requests leave to amend her Amended Complaint to remove any reference to the Fourteenth Amendment. Doc. 38 at 11. The court already has provided Ms. Humes an opportunity to amend her complaint after its ruling that the Fourteenth Amendment did not provide a basis for her excessive force claim. Also, dismissing Ms. Humes's claims under the Fourteenth Amendment, in lieu of another amended complaint, will expedite the court's ability to reach the merits of her action. The court, thus, denies Ms. Humes's request to amend for this purpose.

'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action'" which, as the Supreme Court explained, "'will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Although the court must assume the truth of the factual allegations in the complaint, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim for relief. *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). One purpose of Rule 8(a)'s pleading standard is "to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (ellipsis omitted) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

"Without some factual allegations in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Twombly*, 550 U.S. at 555 n.3. As with a large percentage of § 1983 complaints, Ms. Humes's Amended Complaint raises claims against several defendants in their individual capacities, as well as a government entity. In such situations, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice [of] the basis of the claims against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (citing *Twombly*, 550 U.S. at 591 n.10). In this sense, a complaint that "fails to isolate the allegedly unconstitutional acts of each defendant . . . does not provide adequate notice as to the nature of the claims against each defendant." *Id.* And, this pleading deficiency is all the more fatal to a plaintiff's complaint in the face of a defendant asserting qualified immunity because, to "overcome a qualified immunity defense, plaintiff[] 'must establish that each defendant violated plaintiff['s] clearly established

constitutional rights'" rather than just showing "that 'defendants,' as a collective and undifferentiated whole, were responsible for those violations." *Matthews v. Bergdorf*, 889 F.3d 1136, 1145 (10th Cir. 2018) (emphasis added) (quoting *Pahls v. Thomas*, 718 F.3d 1210, 1228 (10th Cir. 2013)).

In accord with the threshold pleading requirements for a complaint and the principles governing qualified immunity defenses, district courts frequently dismiss claims asserting generalized allegations against a group of defendants where the allegations do not go on to identify the actions taken by individual defendants. *See Schwab v. Kansas*, No. 16-CV-4033-DDC-KGS, 2017 WL 2831508, at *11–12 (D. Kan. June 30, 2017) (dismissing claims where complaint failed to advance individualized allegations against some defendants); *Neighbors v. Lawrence Police Dep't*, No. 15-CV-4921-DDC-KGS, 2016 WL 3685355, at *8 (D. Kan. July 12, 2016) (dismissing claims against defendants against whom complaint advanced no specific allegations); *Aurelio v. South*, No. 15-cv-1540-WJM-CBS, 2016 WL 8542534, at *13 (D. Colo. May 16, 2016) (concluding plaintiff neither had provided defendants fair notice nor otherwise satisfied either prong of qualified immunity analysis where allegations were not defendant-specific); *see also Moore v. The Climate Corp.*, No. 15-CV-4196-DDC-KGS, 2016 WL 4527991, at *3–5 (D. Kan. Aug. 30, 2016) (noting deficiency in pleading where complaint's allegations had failed to identify individual defendants).

The only allegation in Ms. Humes's Amended Complaint specific to Sheriff Dedeke is found in paragraph 15. It alleges: "At all relevant times hereto, Defendant Andrew Dedeke was a citizen of the Unites States and a resident of the State of Kansas and was acting under color of state law in his capacity as the Sheriff of Leavenworth County. Defendant Dedeke is sued in his individual capacity." Doc. 27 at 3 (Am. Compl. at ¶ 15). In contrast, neither the allegations

within Counts I–III nor the allegations incorporated into those Counts make any substantive mention of Sheriff Dedeke. Rather, when one reads the Amended Complaint as a whole, plaintiff makes the allegations relevant to Counts I–III only against the LCSD Deputies.

Relevant to Count I, Ms. Humes alleges five *deputies* were on the scene of and effectuated her arrest. *Id.* at 8 (Am. Compl. at ¶¶ 49–50). She also alleges her arresters "were acting under the color of state law in their capacity as Leavenworth County Sheriff's Department *deputies*." *Id.* at 12 (Am. Compl. at ¶ 73) (emphasis added). And, Ms. Humes alleges:

> None of the individual Defendants took reasonable steps to protect Plaintiff from the objectively unreasonable and conscience shocking excessive force of *other Defendant deputies* or from the excessive force of later responding officers despite being in position to do so. They are therefore liable for the injuries and damages resulting from the objectively unreasonable and conscience shocking force *of each other deputy*.

*Id.* at 12–13 (Am. Compl. at ¶ 81) (emphasis added). The court reads Ms. Humes's Amended Complaint to assert only that the five LCSD Deputies effectuated her arrest but that Sheriff Dedeke was not present. In fact, not only does Ms. Humes fail to make specific allegations against Sheriff Dedeke, but the allegations in her Amended Complaint also negate any nebulous suggestion that Sheriff Dedeke could be held liable for alleged excessive force used by LCSD Deputies while effectuating Ms. Humes's arrest. *See Serna v. Colo. Dep't of Corrs.*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights. To establish supervisor liability under § 1983, 'it is not enough for a plaintiff merely to show a defendant was in charge of other state actors who actually committed the violation.'" (quoting *Jenkins v. Wood*, 81 F.3d 988, 994–95 (10th Cir. 1996))).

Count II, similar to Count I, stems entirely from the propriety of Ms. Humes's arrest. *See* Doc. 27 at 14 (Am. Compl. at ¶ 91) ("The actions of the individual Defendants alleged in this

13

Complaint which resulted in the detention and arrest of Plaintiff without just cause violated her rights under the Fourth Amendment . . . to be secure in her person against unreasonable seizure[.]"). Yet, as discussed relative to Count I, Ms. Humes's Amended Complaint precludes the conclusion that Sheriff Dedeke was present at the scene of Ms. Humes's arrest. And, Ms. Humes never alleges that Sheriff Dedeke instructed or specifically authorized the LCSD Deputies to arrest Ms. Humes.

Finally, with respect to Count III, Ms. Humes once again focuses her allegations on actions taken by the LCSD *Deputies* without tying her malicious prosecution claim to any action by Sheriff Dedeke. Specifically, Ms. Humes alleges: "All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as Leavenworth County Sheriff's Department *deputies* and their acts and omissions were conducted within the scope of their official duties or employment." *Id.* at 14 (Am. Compl. at ¶ 96) (emphasis added). Thus, like with Counts I and II, the allegations supporting Count III focus exclusively on the conduct of the LCSD Deputies and fail to provide Sheriff Dedeke fair notice about his conduct underlying Ms. Humes's malicious prosecution claim.

In summation, Ms. Humes fails to advance any allegations about Sheriff Dedeke's conduct under Counts I–III or sustain her burden in response to Sheriff Dedeke's assertion of qualified immunity. And his supervisory role over the LCSD Deputies is insufficient, on its own, to sustain Ms. Humes's Count I–III claims as against Sheriff Dedeke. The court, thus, grants the Motion to Dismiss the claims against Sheriff Dedeke and orders the Clerk to terminate Sheriff Dedeke as a defendant in this action.

### D. Ms. Humes's Request for Leave to Amend

Within her response to the Rule 12(b)(6) Motion to Dismiss filed by Sheriff Dedeke and the LCBOC, Ms. Humes requests leave to file a second amended complaint. Local Rule 15.1 governs requests for leave to amend and states, in pertinent part:

> **(a) Requirements of Motion.** A party filing a motion to amend or a motion for leave to file a pleading or other document that may not be filed as a matter of right must:
> (1) set forth a concise statement of the amendment or leave sought;
> (2) *attach the proposed pleading or other document*;
> and
> (3) comply with the other requirements of D. Kan. Rules 7.1 through 7.6

(emphasis added). But, Ms. Humes fails to attach a proposed second amended complaint to her filing. Thus, her request does not comply with Local Rule 15.1(a)(2). And, the court finds it particularly prudent to enforce Local Rule 15.1(a)'s requirements here because: (1) Ms. Humes's Amended Complaint continues to advance claims and legal theories already rejected by this court; and (2) this year-old litigation has yet to proceed to discovery.

Ms. Humes's failure to comply with Local Rule 15.1(a) serves as a sufficient and independent basis for denying her request to amend. But, in addition to Ms. Humes's failure to comply with Local Rule 15.1(a), it is not apparent that it is appropriate for the court to grant leave to amend. Without doubt, the standard for securing leave to amend is not high; as Federal Rule of Civil Procedure 15(a)(2) provides, "[t]he court should freely give leave when justice so requires." But, under this standard, a court should deny leave upon "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety, City & Cty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (quoting *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)). "Furthermore, 'where the party seeking amendment

15

knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial.'" *Frank*, 3 F.3d at 1366 (quoting *Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990)). Likewise, "denial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) (quoting *Frank*, 3 F.3d at 1365–66).

This court already has provided Ms. Humes an opportunity to amend her Complaint to name a proper defendant for the municipal liability claim she raises in Count IV of her Amended Complaint. Doc. 26 at 26. Also, when she initiated this action a year ago, Ms. Humes possessed all the facts necessary to advance Count IV's claim against Sheriff Dedeke, including his identity as the Leavenworth County Sheriff. Doc. 1 at 3 (Compl. at ¶ 15). But, as a result of her failure to research the governing law adequately, Ms. Humes's Amended Complaint named a second party who is not a viable defendant. And, Ms. Humes's failure to advance Count IV's claim properly in her Amended Complaint is all the more problematic where other aspects of her Amended Complaint raise claims previously rejected by this court. Another round of leave to amend, and another round of motions to dismiss, will compound the delay already imposed on this case. The court, thus, denies Ms. Humes's request for leave to amend Count IV of her Amended Complaint.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants Andrew Dedeke's and the Leavenworth County, Kansas, Board of Commissioners' Rule 12(b)(6) Motion to Dismiss (Doc. 29) is converted into a Rule 12(c) Motion for Judgment on the Pleadings and that motion is granted.

**IT IS FURTHER ORDERED THAT** Ms. Humes's Count I, II, and III claims against Andrew Dedeke are dismissed without prejudice for failure to state a claim.

**IT IS FURTHER ORDERED THAT** Ms. Humes's Count IV claim against the Leavenworth County, Kansas, Board of Commissioners is dismissed with prejudice for failure to state a claim.

**IT IS FURTHER ORDERED THAT** the Clerk shall terminate Andrew Dedeke and the Leavenworth County, Kansas, Board of Commissioners as defendants in this action.

**IT IS FURTHER ORDERED THAT** Ms. Humes's request for leave to amend is denied.

**IT IS SO ORDERED.**

**Dated this 15th day of April, 2019, at Kansas City, Kansas.**

                                                **s/ Daniel D. Crabtree**
                                                **Daniel D. Crabtree**
                                                **United States District Judge**